UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

ROBERT J. SCHNOOR,

    Debtor.

_____/

Case No. 09-00772-jrh
Chapter 13 filed: 1/28/09
Converted Chapter 7: 2/6/09
Hon.  Jeffrey R. Hughes

JEFF A. MOYER, Chapter 7 Trustee,

    Plaintiff,

v.

CHARRON & HANISCH, PLC. ,
And DAVID CHARRON, Individual,

    Defendants

_____/

Adv. Pro. No. 11-80045-jrh

**TRUSTEE'S AMENDED COMPLAINT AGAINST DEFENDANT CHARRON & HANISCH, PLC, AND DEFENDANT DAVID CHARRON, INDIVIDUALLY TO AVOID FRAUDULENT TRANSFERS PURSUANT TO § 548; TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO § 547 and TO RECOVER THE ITEMS, OR THE VALUE, TRANSFERRED FOR THE BENEFIT OF THE ESTATE UNDER § 550 AND FOR TURNOVER OF PROPERTY PURSUANT TO § 542**

NOW COMES Chapter 7 Trustee Jeff A. Moyer ("Trustee"), by and through his attorneys, Purkey & Associates , PLC, and for his Amended Complaint to avoid certain fraudulent transfers pursuant to § 548, avoid preferential transfers pursuant to § 547 and § 550 and for turnover of property pursuant to § 542 states as follows.

**JURISDICTION AND VENUE**

1.    Debtor Robert J. Schnoor ("Debtor") filed a voluntary Chapter 13 petition on January 28, 2009.

1

2.   On February 6, 2009, this case was voluntarily converted to one under the provisions of Chapter 7.

3.   Jeff Moyer is the duly-appointed, acting and serving Chapter 7 Trustee in this bankruptcy.

4.   The Court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. § 1334 and § 157(a).

5.   This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (F), (H) and/or (O).

6.   This adversary proceeding is filed pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

**GENERAL BACKGROUND**

7.   Defendant Charron & Hanisch, PLC is a Professional Domestic Limited Liability Company located at 4949 Plainfield NE; Grand Rapids, MI 49525 within the Western District of Michigan and whose resident agent is Defendant David W. Charron. Defendant Charron & Hanisch, PLC is believed to be solely owned by Defendant David Charron and is the law firm that is representing Debtor and his entities in numerous state court law suits.

8.   Defendant David Charron was/is a business partner of Debtor to the extent they jointly owned a company named Sundance Development, Inc.

9.   Upon information and belief, Defendant David Charron of Defendant Charron & Hanisch, PLC assisted Debtor in the creation and dissolution of many companies and served as the resident agent for a significant number of entities created

2

for Debtor and has been Debtor's counsel and personal advisor for the majority of his companies and for most of his personal matters.

10.   Defendant David Charron and Debtor have a relationship that is substantially more involved, mutually beneficial and interdependent than the usual attorney/client relationship.

11.   Upon information and belief, Defendants were part of a group of persons who were assisting Debtor in becoming judgment proof before Debtor filed bankruptcy.

## FACTUAL ALLEGATIONS

12.   Debtor was an owner or member or shareholder of multiple entities in the two years preceding the filing of bankruptcy including but not limited to:

```
Andrew Gremel Associates, Inc. (538477)
     *Andrew Gremel & Associates, Inc.
     Morris Schnoor & Gremel
     Morris Schnoor and Gremel
Accurate Construction Company (51603C)
Accurate Premium Financing (31145D)
Accurate Companies Group (D16035)
Belding Commons, Inc. (40062D)
Edna Curtis Development (34328R)
Edna Curtis Investments , PLC (B8827Y)
GH Insurance Agency (E0274W)
     *GH Insurance Agency , LLC
     Great Lakes Risk Management
     MSG Associates
     MSG Insurance Agency
Insurance Program Managers (371990)
     *Morris Schnoor & Gremel
     Morris Schnoor and Gremmel, Inc.
     Morris Schnoor & Gremel II
     MSG Associates
     Sav Camp, Inc.
```

JSRF, LLC
Judd , LLC (B8827X)
Morris Schnoor and Gremmel Inc. (371990)
    *Morris, Schnoor & Gremel
    Morris, Schnoor and Gremel
    MSG Associates
    Morris Schnoor & Gremel
    Insurance Program Managers
    Morris Schnoor & Gremel II
    Morris Schnoor & Gremel
    Sav Camp, Inc.
Morris Schnoor and Gremel Properties (B03603)
Morris, Schnoor & Gremel II (371990)
Morris Schnoor & Gremel (538477)
    *Andrew Gremel & Associates, Inc.
    Andrew Gremel Associates, INC.
    Morris Schnoor & Gremel
    Morris Schnoor and Gremel
Morris Schnoor and Gremel Benefits , LLC (D25258)
    *Great Lakes Risk Management , LLC
    Morris Schnoor and Gremel Benefits , LLC
    MSG Benefits, LLC
MSG Benefits , LLC (D25258)
Morris Schnoor and Gremel (538477)
    *Andrew Gremel & Associates Inc
    Andrew Gremel associates, Inc.
    Morris Schnoor & Gremel
    Morris, Schnoor and Gremel
MSG Associates (D25568; E0274W; 371990)
    *Great Lakes Risk Management , PLC
    Morris Schnoor & Gremel
    Morris Schnoor & Gremmel
    MSG Associates
    MSG Insurance Agency
    RIG
    Rockford Insurance Agency , PLC
MS&G (371989)
    *Insurance Program Managers
    MS&G Inc.
REWS, LLC (B36321)
Red's on the River , LLC (B7469J)

4

Silverstone Oil Company (Canadian company)
Sundance Development, Inc. (24240R)
Sav Camp, Inc. (371990)
Terra Vista Development , LLC (D10241)

   *The indented portion under the entities are the assumed names under which each of the entities conducted business.

Defendants were involved in the creation, dissolution and possibly the operation of a substantial number of the above listed companies and others currently unknown.

   13.   Debtor became a 100% shareholder/owner of MSG, Inc. on or about October 26, 2007 with the assistance of Defendants.

   14.   Debtor sold or otherwise transferred specific memberships and shares of stock in various entities to friends and family members during the two years preceding the filing of bankruptcy.

   15.   Upon information and belief, Defendants advised, assisted, and/or facilitated Debtor in transferring the assets during the two years preceding the filing of bankruptcy.

   16.   Debtor transferred substantially all of his assets to relatives and insiders within two years of filing for bankruptcy.

   17.   Defendant David Charron is an attorney who has represented Debtor on numerous occasions and was a business partner of Debtor.

   18.   Sundance Development, Inc. was formed August 5, 2004 and was dissolved by written consent of all shareholders on June 25, 2007.  The shareholders in the corporation were Martin Carteng, the Debtor and Defendant David Charron.

5

19.  Defendant David Charron of Defendant Charron & Hanisch, PLC represented Debtor in many issues concerning a significant number of his entities and in personal issues.  Upon information and belief, Defendant David Charron also served on multiple advisory boards to companies in which Debtor had an interest.

20.  On or about May 22, 2008 Debtor, as sole shareholder of MSG, Inc. granted a security interest in all the assets of MSG, Inc. to Defendant Charron & Hanisch, Defendant David Charron's law firm, for the purpose of securing past and future attorney fees for Debtor's personal and commercial legal issues.

21.  Upon information and belief, Defendants exercised control and dominion over Debtor in obtaining the security interest in all the assets of MSG, Inc.

22.  On May 22, 2008 at about 1:30 pm, Debtor was deposed by attorney Stan Stek in a case named *Morris v. Schnoor, et. al*; Case No. 07-06441-CR pending in Kent County Circuit Court and was asked whether there had been any transfer or sale of any of the assets of MSG, Inc. to any third party and Debtor responded "No".   Debtor was represented by Charron & Hanisch, PLC at the May 22, 2008 deposition.

23.  By resolution of the board of directors of MSG, Inc. dated May 22, 2008, Debtor R. Judd Schnoor as director of MSG Inc. indicated that Defendant Charron & Hanisch was retained to represent Debtor's corporation MSG, Inc. in various state court lawsuits but that the law firm would only continue to extend credit to the corporation if it was secured against the assets of MSG, Inc.  The resolution authorized the company to grant the law firm a security interest in all the assets of MSG, Inc. for the purpose of securing past and future indebtedness of the corporation and it's wholly owned subsidiary Andrew Gremel Associates, Inc.  Upon information and belief,

6

all of the documents concerning the security interest in MSG, Inc. assets and the MSG, Inc resolution were prepared by Defendant Charron & Hanisch, , PLC.

24.   Debtor signed an Account Stated document, believed to be prepared by Defendant Charron & Hanisch, PLC, dated May 15, 2008 indicating that as of May 15, 2008 MSG Inc. was indebted to Defendant Charron & Hanisch , PLC in the amount of $286,730.95.

25.   Upon information and belief, Debtor incurred additional attorney fees with Defendant Charron & Hanisch, PLC between May 15, 2008 and May 22, 2008.

26.   After Debtor granted Defendant Charron & Hanisch, PLC a security interest in all of the assets of MSG, Inc., on May 22, 2008, Defendant Charron & Hanisch, PLC filed a UCC financing statement on June 4, 2008 encumbering "All assets currently owned by debtor and /or all assets hereinafter acquired by debtor".  The debtor referred to in the UCC financing statement as Morris Schnoor and Gremmel, Inc. ("MSG, Inc.")

27.   Upon information and belief Morris Schnoor and Gremmel, Inc is a misspelling of Morris Schnoor & Gremel, Inc.  Both companies will be referred to as MSG, Inc. throughout this complaint.

28.   Upon information and belief, sometime in May, 2008 Debtor transferred a 2006 Malibu I-Ride speed boat, a pontoon boat and a shore station to Defendant David Charron personally as a way to reduce the attorney fees owed to Defendant law firm Charron & Hanisch, PLC.

29.   By letter dated June 25, 2007, Defendant David Charron wrote to Debtor R. Judd Schnoor at MSG Inc. advising that he did "not intend to separate the billing for the

7

corporation and the individual representation of Judd Schnoor because of the "significant overlap in the claims and defenses in this matter." The allocation of the billing was left to Debtor R. Judd Schnoor to do in a reasonable and appropriate manner.

30.     On January 14, 2009, a final Consent Judgment of Divorce was filed in the Circuit Court for Kent County, Family Law Division, in the matter of *Jane T. Schnoor, Plaintiff v. Robert Judd Schnoor, Defendant*, Case No. 08-10612-DO.  Upon information and belief, Debtor, although represented as "pro se" in the divorce, had the assistance of Defendant Charron & Hanisch , PLC.

31.  Relatives and business partners of the Debtor are insiders for purposes of 11 U.S.C. § 101 and § 550.

32.     Before or shortly after the above transfers were made, Debtor had been sued or threatened with suit by Glenn Morris, Cornerstone Bank, Accurate Construction and Macatawa Bank with each suit claiming potential liability in excess of $1 million.

33.  All the above transfers collectively made by Debtor were of substantially all of the debtor's assets.

### COUNT 1
### AVOIDANCE OF PAYMENT OF ATTORNEY FEES THROUGH THE TRANSFER OF PERSONAL PROPERTY TO DEFENDANT DAVID CHARRON AS A FRAUDULENT TRANSFER UNDER § 548

34.     Plaintiff re-alleges the allegations contained in paragraphs 1- 33 above as if fully set forth herein.

8

35. Debtor scheduled a 2006 Malibu I-Ride Boat on Schedule B, but did not take an exemption in the boat. Just prior to filing bankruptcy, Debtor also owned a shore station and a pontoon boat.

36. During a 2004 examination of Debtor and during the 341 meeting(s), Debtor testified that Defendant David Charron owns the Malibu I-Ride boat, the shore station and the pontoon boat.

37. Upon information and belief, title to the Malibu I-Ride, the pontoon boat and the shore station were in the name of Debtor at the time of the transfer and at the time of filing bankruptcy.

38. The transfer of the personal property to Defendant David Charron was of an interest of the debtor in property that was made within 2 years before the date of filing the petition.

39. The transfer was made with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made, incurred.

40. Debtor was insolvent on the date of transfer or became insolvent as a result of the substantial transfer of assets to family members and insiders.

41. Debtor received less than a reasonably equivalent value in exchange for the transfer of the personal property to Defendant David Charron.

WHEREFORE, Plaintiff Trustee Jeff A. Moyer respectfully prays this Court to;

A. Avoid the transfer of the personal property to Defendant David Charron as fraudulent under § 548;

9

B.   Order the turnover by Defendant David Charron of the personal property

transferred or the amount of money that was applied towards Debtor's attorney fees;

C.  Grant a money judgment against Defendant David Charron for the Plaintiff's

actual costs, reasonable attorney fees and pre-judgment interest to the extent allowed by

law;

D.  Grant such other or further relief as this Court deems just and equitable.

## COUNT 2
## AVOIDANCE OF PAYMENT OF ATTORNEY FEES THROUGH THE TRANSFER OF PERSONALTY TO DEFENDANT DAVID CHARRON AS A PREFERENTIAL TRANSFER UNDER § 547

42.   Plaintiff re-alleges the allegations contained in paragraphs 1- 41 above as if

fully set forth herein.

43.   Debtor's transfer to Defendant David Charron of the Malibu boat, the shore

station and the pontoon boat to reduce Debtor's indebtedness to Defendant David

Charron and/or Defendant Charron & Hanisch, PLC was a transfer of an interest of the

debtor in property.

44.   Sometime in May 2008, Debtor transferred possession of the Malibu I-Ride

boat, the shore station and the pontoon boat ("the personal property") to Defendant

David Charron as partial payment of past due attorney fees.  Debtor states he was

credited approximately $30,000 towards his outstanding attorney fee debt to Defendant

David Charron and Defendant Charron & Hanisch, PLC.

45.   The transfer was made to or for the benefit of a creditor.

46.   The transfer to Defendant David Charron and/or Defendant Charron &

Hanisch , PLC of the personal property was made on account of an antecedent debt.

10

47.   The transfer of the personal property to Defendant David Charron and/or Defendant Charron & Hanisch , PLC was made while the debtor was insolvent.

48.   The transfer was made to an insider within one year of filing the petition.

49.   The transfer enabled Defendant David Charron and/or Defendant Charron & Hanisch, PLC to receive more than such creditor would receive under the Chapter 7 had the transfer not been made.

WHEREFORE, Plaintiff Trustee Jeff A. Moyer respectfully prays this Court to;

A. Avoid the transfer of the personal property by Debtor to Defendant David Charron and/or Defendant Charron & Hanisch, PLC pursuant to § 547(b) as a preferential transfer;

B. Order the turnover of the personal property to the Trustee; and grant a money judgment against Defendant David Charron and/or Defendant Charron & Hanisch for the Plaintiff's actual costs, reasonable attorney's fees and pre-judgment interest to the extent allowed by law;

C. Grant such other or further relief as this Court deems just and equitable.

## COUNT 3
## TURNOVER OF PERSONAL PROPERTY
## PURSUANT TO § 542 OF THE BANKRUPTCY CODE

50.   Plaintiff re-alleges the allegations contained in paragraphs 1- 49 above as if fully set forth herein.

51.   Sometime in May, 2008 Robert J. Schnoor transferred physical possession, but not ownership or title, of a 2006 Malibu I-Ride boat, Hull Identification Number MB2D6220D606, ("the boat") to David Charron or to Charron & Hanisch, PLC.

11

52.   Since the date of transfer of the boat, Robert J. Schnoor has continued to make payments on the secured debt to Lake Michigan Credit Union.

53.   At the time of filing the petition title to the Malibu boat was/is in the name Robert Judd Schnoor.

54.   At the time of transfer of the pontoon boat and the shore station and at the time of filing the petition, title to the pontoon boat and the shore station may also have still been in the Debtor's name.

55.   Pursuant to §542(a) if someone is in possession of property that the trustee may sell, the possessor of the property shall deliver to the trustee and account for such property or the value of such property.

56.   The boat, the shore station and the pontoon boat are property of this estate and the value to the estate is not inconsequential.

57.   There is a first lien holder on the Malibu I-Ride boat in the approximate amount of $13,000.  The NADA value for a 2006 Malibu I-RIDE 21' boat is average retail of $25,440.

58.   Upon information and belief, the approximate value of the shore station and the pontoon boat is $12,000.

59.   Upon information and belief, the shore station and the pontoon boat are free and clear of any liens.

Wherefore, the Trustee respectfully requests this Court order the immediate turnover of the personal property by David Charron and/or Charron & Hanisch PLC to the Trustee and grant such other relief as the Court deems appropriate.

## COUNT 4
### RECOVERY OF AVOIDED TRANSFERS PURSUANT TO § 550

60.    Plaintiff re-alleges and incorporate by reference paragraphs 1 through 59 above as though fully set forth herein.

61.    Upon avoidance of the transfers under any or both Counts 1 and 2 concerning the transfer of personal property by the Debtor above, the Trustee is entitled to recover the property transferred, or the value of the transfer from the initial transferee of the transfer pursuant to § 550.

62.    Under counts 1 and 2 Defendant David Charron and/or Defendant Charron & Hanisch, , PLC is the initial transferee of the transfers.

63.    Under Counts 1 and 2 the Trustee is entitled to recover the property transferred, or the value of the transfer from the initial transferee or from any immediate or mediate transferee of such initial transferee.

64.    Under Counts 1 and 2 Defendant David Charron and/or Defendant Charron & Hanisch, PLC are not good faith purchasers of the personal property of Debtor.

65.    Under Counts 1 and 2 the transfer of Debtor's personal assets were made for the benefit of a creditor that at the time of such transfer was an insider.

WHEREFORE, Plainttiff Trustee Jeff A. Moyer respectfully requests that this Court:

A. Enter a money judgment in favor of the Plaintiff Trustee and against Defendant David Charron and/or Defendant Charron & Hanisch, PLC  pursuant to §550 for the value of the transfers avoided by this Court under Counts 1 and 2 on which

Defendant is found to be the initial transferee, or a party for whose benefit said transfer was made;

B.   Enter a money judgment in favor of the Plaintiff Trustee and against any immediate or mediate transferee of such initial transferee if such person exists;

C.   Award the Plaintiff Trustee his actual costs, reasonable attorney fees and pre-judgment interest to the extent allowed by law;

D.   Grant such other or further relief as this Court deems just and equitable.

Purkey & Associates, PLC
Attorneys for Trustee Jeff Moyer

Dated:  August 25, 2011

Edith A. Landman (P29409)
2251 East Paris Ave. SE
Suite B
Grand Rapids, MI 49546
616.940.0553
landman@purkeyandassociates.com

14