UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

   ROBERT J. SCHNOOR,

      Debtor.

_____/

Case No. 09-00772-jrh
Chapter 13 filed: 1/28/09
Converted Chapter 7: 2/6/09
Hon.  Jeffrey R. Hughes

JEFF A. MOYER, Chapter 7 Trustee,

      Plaintiff,

v.

CHARRON & HANISCH, PLC. ,
And DAVID CHARRON, Individual,

      Defendants

_____/

Adv. Pro. No. 11-80045-jrh

## MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN TRUSTEE AND DEFENDANTS CHARRON & HANISCH PLC AND DAVID CHARRON, INDIVIDUAL

      Jeff Moyer, Trustee, by and through his attorneys Purkey & Associates, PLC, states the following in support of his Motion for Order Approving Settlement Agreement between Trustee and Defendants Charron & Hanisch PLC and David Charron, Individual ("the Parties") resolving any and all claims the Trustee brought against Defendants for alleged preferences and fraudulent transfers pursuant to 11 U.S.C. §§ 547, 548 and 550. This motion is brought pursuant to Bankruptcy Rule 9019.  This resolution includes the immediate payment of money to the estate in exchange for dismissal of this adversary proceeding with prejudice.

      1.    On January 28, 2009 Robert J. Schnoor filed a Chapter 13 voluntary petition that was converted to Chapter 7 on February 6, 2009.

1

2.      Jeff Moyer is the duly appointed Chapter 7 Trustee in this matter.

3.      On January 27, 2011 the Trustee filed an Adversary Proceeding against Defendants alleging Debtor transferred a 2006 Malibu I-Ride Boat, a 2004 Bennington pontoon boat and a shore station to Defendants in May 2008. The Trustee asserts these transfers are avoidable as a preference under § 547 or as a fraudulent transfer under § 548 and the Trustee seeks the return of the property or a judgment for the value of the property under § 550.

4.      The Defendants have raised defenses consisting of contemporaneous exchange, receipt of reasonably equivalent value and an inability of the estate to recover any improvements made through Debtor's reaffirmation of the debt on the Malibu I-Ride boat to Lake Michigan Credit Union. Debtor has continued to make monthly payments to the Credit Union since filing this bankruptcy.

5.      If Defendants are successful in proving any one of the defenses raised, the Trustee will lose this Adversary Proceeding in its entirety and the estate will recover nothing,

6.      If the Trustee is successful, the most the estate would recover is $27,500, the auction values given to the two boats and the shore station, however, this amount would be reduced by 10% for auction fees and would be subject to the lien of Lake Michigan Credit Union. At the time of filing bankruptcy, according to Schedule D, the Malibu I-Ride boat was worth $20,000 and Lake Michigan Credit Union was owed $23,637.00. Miedema Auction places a value of $18,000 on the Malibu boat and Debtor still owes the Credit Union approximately $13,000. The net to the estate if the Trustee prevails could be $5,000. It is also possible that the Trustee will only be allowed the amount of equity that

2

was available at the time Debtor filed bankruptcy which results in the recovery to the estate of nothing since the Malibu boat had no apparent equity at the time of filing bankruptcy. The Trustee does not believe that the estate will recover any money on the Malibu I-Ride boat.

7.    The shore station and the pontoon boat are worth at auction value $9,500. After deduction of the 10% auction fee, the estate could recovery $8,500. Defendants maintain that they have valid defenses to these two transfers and are prepared to go to trial over $8,500. The Trustee estimates that trial preparation and the cost of trial will be approximately $5,000, leaving a net recovery to the estate of $3,500.

8.    The § 547 preference claim requires the Trustee to prove Defendants were "insiders" as that term is used in § 101. There is little to no case law involving attorneys as insiders so the trial on this issue will be fact intensive requiring the Trustee to show a pattern of behavior or a relationship that takes the attorney and/or his firm outside the normal attorney client relationship. It appears the Trustee would have to prove the attorney had control and dominion over the Debtor such that Debtor did not make an independent decision when he transferred the boats and the shore station. This will be a very difficult burden for the Trustee.

9.    The § 548 claim requires the Trustee to prove the transfer was made with fraudulent intent and was made to a transferee who took for value and in good faith. Again, one of Defendants defenses is that Defendants took the boats and the shore station in good faith and for value. Defendant provided a billing record that shows Debtor was credited approximately $30,000 when the transfer took place. In addition, Defendants continued to represent Debtor after the transfers were made. These proofs will be fact

3

intensive and will cost the estate at least $5,000 to try this case. If the Trustee prevails, he may recover as much as $8,500 (this excludes the Malibu boat since that asset had negative equity at the time of filing the case). When the cost of litigation and Trustee fees are taken from this potential recovery, the estate may recover $4,390.

10.     Defendants deny that they received any fraudulent transfer and deny any liability to the estate. Defendants have raised defenses that, if proven, could reduce or negate liability to the estate.

11.     The Trustee and Defendant wish to settle the fraudulent transfer claim, the preference claim and the § 550 claim in order to resolve this litigation without further cost to the estate and Defendants.

12.     Defendants and the Trustee have agreed to settle this case for $3,500 which is approximately 80% of what the Trustee projects as the best case scenario if this case went to trial. In addition, the payment will be made on or before December 19. 2011. In the event this Settlement Agreement is not approved by the Court, the Trustee shall return the $3,500 to Defendants. This settlement is contingent on Court approval.

13.     Upon Court approval of this settlement, this adversary case will be dismissed with prejudice and each party will grant mutual releases as set forth in Exhibit 1, the Settlement Agreement attached.

14.     The settlement proposed in this Motion is not illegal, unconstitutional, or against public policy because of the following:

        a.     Pursuant to 11 U.S.C. § 704(1), one of a trustee's statutory duties is to collect and reduce to money property of the estate;

   b.   Pursuant to 11 U.S.C. §§547, 548, and 550 a trustee can seek to recover transfers of property; and

   c.   Pursuant to Fed. R. Bankr. P. 9019, the court is authorized to approve compromises or settlements proposed by a trustee.

15.   The Trustee is disinterested in this case because:

   a.  The Trustee is not acquainted with or related to Debtor;

   b.  The Trustee is not an officer, director or shareholder of Debtor;

   c.  The Trustee is not related to or connected in any manner with Defendants and the Trustee is not an officer, director or shareholder of any company in which Defendants are affiliated.

16.   The Trustee believes this settlement as outlined in this Motion and Exhibit 1 is in the best interest of the creditors and the bankruptcy estate because of the following:

   a.   If the settlement is approved, the estate will receive immediate funds without the necessity of initiating and prosecuting litigation, thus saving litigation costs and assuring more funds for the bankruptcy estate and distribution to the creditors;

   b.  The settlement will result in the recovery of funds for distribution to the creditors of the bankruptcy estate which may not otherwise be available if Defendants were successful in proving any of the defenses available under the Bankruptcy Code;

   c.  This Motion is filed pursuant to LBR 9019 and is accompanied by a Notice to Debtors, Creditors and Other Parties in Interest of Opportunity to Respond or to Request a Hearing.

5

WHEREFORE, Trustee prays that this Honorable Court enter an Order that:

A. Grants this Motion and approves the settlement outlined in this Motion and Exhibit 1; and

B. Grants Trustee such other and further relief as this Court deems just in this matter.

C. Orders the Adversary Proceeding dismissed with prejudice.

Respectfully submitted,

Purkey & Associates, PLC
Attorneys for Trustee Jeff Moyer

Dated:  December 7, 2011

Edith A. Landman (P29409)
2251 East Paris Ave. SE
Suite B
Grand Rapids, MI 49546
616.940.0553
landman@purkeyandassociates.com

6

EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

ROBERT J. SCHNOOR,

    Debtor.

_____/

Case No. 09-00772-jrh
Chapter 13 filed: 1/28/09
Converted Chapter 7: 2/6/09
Hon. Jeffrey R. Hughes

JEFF A. MOYER, Chapter 7 Trustee,

    Plaintiff,

v.

CHARRON & HANISCH, PLC. ,
And DAVID CHARRON, Individual,

    Defendants

_____/

Adv. Pro. No. 11-80045-jrh

## SETTLEMENT AGREEMENT BETWEEN TRUSTEE AND CHARRON & HANISCH PLC AND DAVID CHARRON, INDIVIDUAL

This Settlement Agreement is entered into this 1st day of December, 2011 between Defendants Charron & Hanisch, PLC and David Charron, individual and Jeff Moyer, Trustee ("the Parties), by and through their attorneys for the bankruptcy estate of Robert J. Schnoor, a/k/a R. Judd Schnoor and is subject to final approval by the Bankruptcy Court as this settlement compromises the fraudulent transfer claims alleged in this Adversary Proceeding.

RECITALS

WHEREAS, on January 28, 2009 Robert J. Schnoor filed a Chapter 13 voluntary petition that was converted to Chapter 7 on February 6, 2009.

WHEREAS, Jeff Moyer is the duly appointed Chapter 7 Trustee in this matter.

1

WHEREAS, on August 26, 2011 the Trustee filed a 3 count Amended Complaint relating to the originally filed Complaint dated January 27, 2011 alleging Defendants received property from Debtor Robert J. Schnoor during the two years preceding the bankruptcy filing and that the transfers of that property was fraudulent.

WHEREAS, Defendants deny that they received any fraudulent transfer and deny any liability to the estate. Defendants have raised defenses that, if proven, could reduce or negate liability to the estate.

WHEREAS, the Trustee and Defendants wish to settle the fraudulent transfer claims and the § 550 claim in order to resolve this litigation without further cost to the estate and Defendants

NOW, THEREFORE, In consideration of the covenants set forth below and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties agree as follows subject to approval and authorization by the Bankruptcy Court.

1. <u>Incorporation of Recitals</u>:  The Parties agree and acknowledge that the above introductory statements are part of the covenants and terms of this Agreement and they are specifically agreed to and incorporated into this Agreement.

2. <u>Payment to the Trustee</u>: Settlement Amount - Defendants shall pay and the Trustee shall accept payment of $3,500.00 in full and complete settlement of this adversary proceeding. The payment shall be made on or before December 19. 2011. Defendants shall make the settlement payment in the amount of $3,500 payable to "Jeff Moyer, Trustee of the estate of R. Judd Schnoor" and shall deliver the check to Edith A. Landman, Purkey & Associates; 2251 East Paris Ave. SE; Suite B; Grand Rapids, MI 49546.  In the event this

2

Settlement Agreement is not approved by the Court, the Trustee shall return the $3,500 to Defendants.

3. <u>Release by Trustee</u>:  This settlement is in full and final settlement of all claims, which have been or which could have been brought by the Trustee against the Defendants arising out of the factual allegations asserted in the adversary proceeding or any other claim relating to or arising from the Fraudulent Transfer claims, and includes any claims currently known or unknown to the Trustee.  Upon Court approval of the Settlement Agreement, the Trustee shall dismiss the litigation against the Defendant with prejudice and without costs, with each side paying their own attorneys' fees.  The parties to this agreement understand that their obligations under this Settlement agreement are contingent upon the entry or allowance by the Court of the approval of this Settlement Agreement.

4. <u>Release by Defendant</u>:  Upon Court approval of this settlement Defendants shall waive and forever release the Trustee from any and all claims known and unknown which could have been asserted in the litigation, and any other claim relating to or arising from the Fraudulent Transfer Claims shall be waived by Defendants.

5. <u>Authority to Bind Parties</u>:  The Parties represent and warrant they have full power and authority to execute and perform their respective obligations under this Agreement.

6. <u>Compromise with No Admission of Liability</u>:  The Parties acknowledge this Agreement is a compromise of disputed claims and Defendants expressly deny any liability to Debtor or his bankruptcy estate.

3

7. <u>Agreement Jointly Drafted</u>:  This Agreement shall be deemed to have been jointly drafted by the parties and, in construing and interpreting this Agreement, no provision shall be construed and interpreted as if it were drafted by or requested by either Party.

8. <u>Approval by the Bankruptcy Court</u>:  Defendants acknowledge and agree that this Agreement must be approved and authorized by the Bankruptcy Court pursuant to the provisions of the Bankruptcy Code and Bankruptcy rule 9019 which the Trustee shall promptly seek after execution of this Agreement and within 30 days after receipt of the Settlement Payment.

9. <u>Jurisdiction and Venue</u>:  The Parties agree and acknowledge that the Bankruptcy Court shall have exclusive subject matter jurisdiction to enforce and resolve any and all disputes related to this Agreement and is the exclusive venue in which any such disputes may be heard.

10. <u>Miscellaneous</u>:  This Agreement constitutes the entire agreement of the Parties with respect to the Fraudulent Transfer claims, this litigation, and any claim which has been or which could have been brought by the Trustee against Defendants, including any claims currently unknown to Trustee.  This Agreement may only be modified in writing, signed by all Parties hereto.  This agreement may be executed by signatures transmitted via facsimile or electronic transmission, such as a "PDF" document transmitted through electronic mail, which shall have the same force and effect as an original signature.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first written below.

SIGNATURES ON FOLLOWING PAGE

4

Respectfully submitted,

Purkey & Associates, PLC
Attorneys for Trustee Jeff Moyer

Dated: December _7_, 2011

*Edith A. Landman*

Edith A. Landman (P29409)
2251 East Paris Ave. SE
Suite B
Grand Rapids, MI 49546
616.940.0553
landman@purkeyandassociates.com

Stacey George
Attorneys for Charron & Hanisch, PLC

Dated: December _5_, 2011

*Stacey George / dev*

Stacey George (P66955)
4949 Plainfield Ave. NE
Grand Rapids, MI 49525
616.363.0300
sgeorge@charronhanisch.com

David Charron
Attorney for David Charron

Dated: December _5_, 2011

*David Wcharron*

David Charron (P39455)
4949 Plainfield Ave. NE
Grand Rapids, MI 49525
616.363.0300
dwcharron@charronhanisch.com

5